98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
CME, ASSOCIATES, INC., as it is the General Partner of CME
Group, Ltd., Plaintiff, Appellee,
v.
Joseph D. FORD and Shirley Ann Ford, et al., Defendants, Appellants.
 No. 96-1197.
 United States Court of Appeals, First Circuit.
 Oct. 17, 1996.
 
 Alan R. Hoffman with whom John R. Cavanaugh and Lynch, Brewer, Hoffman & Sands, LLP were on brief for appellants.
 Judith Gail Dein with whom James J. Arguin, Warner & Stackpole, LLP and Christopher Nolland were on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before CYR, Circuit Judge, BOUDIN, Circuit Judge, and PONSOR,* District Judge.
 PER CURIAM.
 
 
 1
 This is an action on a promissory note by CME Associates against the Fords, two of whom were co-signers of the note. The district court granted partial summary judgment in favor of CME, establishing the senior Fords' liability on the note. A number of other issues remain to be resolved, but the court entered a separate judgment pursuant to Fed.R.Civ.P. 54(b).
 
 
 2
 The Fords' primary defense to the note was an alleged oral modification of the terms of the note by the prior holder, the FDIC. The district court rejected this defense on the ground that the note's current owner, CME, is a holder in due course protected by Massachusetts law against such modifications absent notice. See Mass. Gen. Laws ch. 106, § 3-305(2)(e). We are satisfied from a review of the record that CME did not have notice and that there was insufficient evidence to the contrary to warrant a trial on this question.
 
 
 3
 The Fords also argued that CME's foreclosure sale of real property securing the note was conducted in a commercially unreasonable fashion. E.g., RTC v. Carr, 13 F.3d 425 (1st Cir.1993). In effect, the Fords said that the sale was conducted in a negligent manner. But their affidavit to this effect did not even purport to show that it was made by someone with knowledge of the facts as required by Fed.R.Civ.P. 56(e).
 
 
 4
 The Fords say that more time should have been allowed for discovery concerning the conduct of the sale, but this is a matter largely within the purview of the district court, Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir.1996), and we perceive no abuse of discretion. Moreover, the record does not reflect that the Fords made anything approaching an adequate showing before the district court to justify invocation of the "escape hatch" under Fed.R.Civ.P. 56(f). Paterson-Leitch Company, Inc. v. Massachusetts Municipal Wholesale Electric Company, 840 F.2d 985, 988-989 (1st Cir.1988).
 
 
 5
 No other issues argued by the Fords in this case require further comment. It would be helpful in the future for the district court to be more explicit in setting forth its express determination that there is no just reason for delay as required by Fed.R.Civ.P. 54(b).
 
 
 6
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation